AUIvFN, J.,
 

 delivered the opinion of the Court.
 

 The Court is of opinion, that in the statement A, referred to and adopted as the basis of the decree in the first of said suits, the Circuit Superior court erred.in allowing as credits to reduce the amount of the debt due from Duncan M’Uauchlan to David Ross, the sum of
 
 £
 
 78. 6. 1. for commissions on two thirds of good debts, and also the sum of
 
 £
 
 42. 13. 6%. short credit for interest on the hires of slaves: and, therefore, there was error in reducing the amount of each bond' from the sum of
 
 £
 
 603. 9. 8%. to
 
 £
 
 573. 4. 9%., and making such reduced amount of the bonds the basis of calculations. The Court is further of opinion, that after the decree dissolving the injunction and dismissing the bill, and the decree against John Quarles, ex’orof D. M’Uauchlan, and the proceedings had in this cause, it is too late to set up the credit of
 
 £
 
 84. 6. 5. for tobacco and wheat, allowed in said statement A, and that said Court erred in allowing said credit, and also the credit of
 
 £
 
 4. 14. 10%. costs at law on the second and third bonds. The court is further of opinion, that when the Circuit court properly set aside the report of commissioner Shore, and caused the statement A to be made out as exhibiting the true balance due to the estate of D. Ross, for which the securities of John Quarles, the executor of D. M’Uauchlan, were liable, they should also have been debited with the sum of 166 dollars 11% cents, or
 
 £
 
 49. *17. 3., the amount of costs decreed to said Ross against said Quarles on the 20th of June 1812, it appearing on the face of said proceedings, that said costs were recovered by said Ross in a suit instituted to obtain an account of the assets, and charging a devastavit, and were, therefore, a proper charge against the securities. The Court is, therefore, of opinion, that the statement A, and decree based thereon, are erroneous in allowing the credits above designated, and in omitting the charge for
 
 £
 
 49. 17. 3. costs aforesaid; and as a consequence, that all the calculations of interest and damages in said statement A, based upon the allowance of such credits and omission of such charge, are also erroneous. It is therefore considered, that the decree in the first of the above cases be reversed with costs to-the appellant, and the cause remanded to the Circuit court, with instructions to commit the accounts to a commissioner, who is to-take the statement A above referred to, as the ba'sis of his report, and correcting the same so far, and so far only, as it is herein before declared to be erroneous, and modifying the calculations of interest and damages so as to conform with the true sums after disallowing the credits so as aforesaid improperly allowed, and charging the sum improperly omitted, and rejecting all other claims for charges or credits on either side, other than those appearing on the face of said statement, or herein mentioned, the balance so appearing, will be the amount for which, with interest, the appellant in the first -of said suits will be entitled to a decree.
 

 And in the second of said suits of Ross’sex’or against the representative of Joseph Haden deceased, the Court is of opinion, that the statement B, made out and adopted! as the basis of the decree rendered in the last suit, was erroneous in allowing as credits to reduce the bonds the sums of
 
 £
 
 87. 6. 1. and
 
 £
 
 42. 13. 6%., and there-fore there was error in reducing the amount of each bond from
 
 £
 
 603. 9. 8%. to
 
 £
 
 573. 4. 9%. and, making *such reduced amount of the bonds the basis of calculation. The' Court is further of opinion, that the security in the injunction
 
 *47
 
 bond was precluded by the decree dissolving the injunction and dismissing the bill, from setting up credits passed upon by said decree between the creditor and his principal, and therefore the Court erred in allowing a credit for
 
 £
 
 84. 6. 5. for tobacco and wheat. The Court is therefore of opinion, that said statement B, and the decree based thereon, are erroneous in allowing the credits aforesaid, and as a consequence, that the calculations of interest and damages in the statement B, based on the allowance of such credits, are also erroneous. The Court is further of opinion, that notwithstanding the agreement of the 21st of October 1815, between said J. Haden and D. Ross, it was competent for the former or his representative, to shew that the same was entered into by him in ignorance of the true amount due on the judgments enjoined, and that by a proper application of the payments received by Ross out of the proceeds of his debtor’s estate, the amount due on said judgments enjoined, was less than the sum set forth in the agreement of the 21st of October 1815. And the Court is further of opinion, that as the judgments constituted a lien on the real estate, and a debt of the highest dignity against the assets, it was the duty of said Ross to apply the pay ments received principally from the sale of the real estate to the credit of the judgments, and if, by his failure to do so, the security in the injunction bond, has been induced when ignorant of the misapplication of the payments by the creditor, to enter into a compromise by which he bound himself to pay, and did pay a larger sum than could rightfully have been demanded from him, such compromise and payment should not prevent the security from recovering back the money so overpaid by mistake; and upon sums so overpaid by mistake as aforesaid, the party is entitled to recover interest. The *Court is therefore of opinion, that said decree is also erroneous to the prejudice of the appellee in not allowing interest on the sum which it was ascertained he was entitled to recover back. It is therefore ordered and decreed, that the decree is erroneous, and the same is reversed ; but as it is manifest the appellee, by the allowance of interest on the sum overpaid by him, will be the party substantially prevailing, as the sum, though reduced by the principles of this opinion, to which the appellee will be entitled, together with interest from the time when the same was paid to the period of rendering the decree, it is apparent, will exceed the amount of the decree appealed from, it is further ordered and decreed, that the appellee recover his costs to be levied, &c. And the cause is remanded, with instructions to commit the accounts to a commissioner, who is to take the statement B, above referred to, as the basis of his report, and correcting the same so far only as the same is herein declared tobe erroneous, and modifying the calculations of interest and damages so as to conform to the said statement as corrected, and rejecting all other claims for credit or charges on either side, than such as appear on the face of the statement; for the balance ascertained by the statement so corrected, and calculations so modilied, to have been overpaid byT the said J. Haden, with interest thereon as aforesaid, the representative of said Haden will be entitled to a decree against the appellant, which is ordered to be certified.