## MILLIKEN & al. versus TUFTS & al.

Though the construction of a paper be erroneously submitted to the decision of the jury, yet, if their decision be correct, the submission of it to them, is not a sufficient ground for a new trial.

Where a debtor, owing several debts to the same person, pays money to him, and neither of the parties make any appropriation of it, the law applies it to the oldest debt.

A creditor cannot make a valid appropriation of a payment, at a time when a controversy thereon has arisen between himself and the debtor.

EXCEPTIONS.

Assumpsit on an account. The writ was issued April 25, 1848. The account consisted of two items, viz : —

    1847, October 13.   To leather,       $421,20

      "  November 23, To leather,      361,69

The plaintiffs gave credit to the defendants, as follows : —
1847, June 15, $23,88. 1848, June 27, $61,37.

On May 31, 1848, the plaintiffs received from the defendants, certain notes against other persons, which, when collected, were to be credited to the defendants ; and prior to November, 1848, the plaintiffs had received upon said collateral notes, a sum, which, with the above items of credit, was a few cents more than enough to pay the charge of October 13, 1847.

The defendants contended, that, by a legal appropriation, the first item of charge was paid, and that, as to the other item of charge, the suit was prematurely brought.

The contract for the sales was made in a letter, sent by the plaintiffs to the defendants, and the letter contained the following expressions; " I have concluded not to have more than $1000 due me from one concern at a time." " If you want more, you will have to give me some collateral." The defendants relied upon some other expressions in that letter, to show that a credit of six months was given, upon each of the debit charges.

The plaintiffs also put in a note against the defendants, payable to the plaintiffs, dated March 23, 1848, for $273,54, payable at thirty days from date, and proved that, in April, 1849, they notified the defendants that they claimed to appropriate the money, which had been received upon the collateral notes, as follows : — first to the payment of the note of $273,54, and the residue to the debit item of $361,69, to which appropriation the defendants objected.

WELLS, J. ruled that if there had not been any appropriation made by the plaintiffs, (the defendants not claiming to have made any,) the law would apply the moneys to the oldest debt. He referred the letter to the jury, from which they would determine, whether the credit of six months had or had not been given.

Two other letters from the plaintiffs to the defendants, were also submitted to the jury, with a remark from the Judge, that he saw in them no evidence of an appropriation, but that, if the jury saw any, the payment should be applied in conformity to the same.

The plaintiffs' counsel requested the court to instruct the jury, that " if they were satisfied that the plaintiffs, in April last, appropriated the money received; first, to the payment of the note, and secondly, towards the item last charged, it was an appropriation within a reasonable time." ' The instruction was not given. The verdict was for the defendants.

B. A. G. Fuller, for the plaintiffs.

1. There was error in submitting the construction of the letters to the jury. 7 Maine, 141 ; 4 Maine, 159 ; 21 Maine, 308 ; 23 Maine, 90.

2. The jury erred in concluding the term of six months credit was absolute. At most, it was on condition that the defendants' indebtedness should not exceed $1,000. The amount due April 25, was $1032,55.

3. The plaintiffs had authority to appropriate the collateral notes, to such part of the debt, as they saw fit. 15 Pick. 504. The plaintiffs were to receive money on the notes, and pay it to themselves. No act of appropriation was necessary in such a case. The election made in April, 1849, was in season.

4. The Judge informed the jury, that he saw no evidence of appropriation. . But there was evidence ; for the plaintiffs had forborne to sue the note and to prosecute this action. 20 Pick. 343 ; 23 Pick. 473.

5. If no appropriation was made, the law applies the payment to the demand least secure. 10 Pick. 133 ; 4 Iredell's Eq. 42 ; U. S. An. Dig. 1848, page 297 ; 7 Cranch, 572 ; 6 Cranch, 8 ; 2 N. H. 196 ; or, according to the justice of the case ; 1 Mason, 323 ; 1 Branch, 409 ; or, according to the intent of parties ; 22 Maine, 298 ; 18 Vermont, 451.

What was the intent, except to get security for unsecured demands ? And that is the justice of the case.

6. The rule laid down by the court does not apply to notes, but only to running accounts. 23 Pick. 473 ; 11 Metc. 174.

*May*, for the defendants.

TENNEY, J. — The evidence, relied upon by the defendants, to show that a credit of six months was given to them, is in letters of the plaintiffs, and also in a receipt for certain notes as collateral security ; upon a proper construction of this evidence, such a credit is to be inferred. Consequently if their import should have been determined by the court, instead of being submitted to the jury, the result would be the same, and the verdict should not be disturbed for this cause.

In the appropriation of indefinite payments made by a debtor to his creditor, holding different claims, when none has been made by either party, modern decisions seem to have been in many respects uniform ; although formerly it

was otherwise. The doctrine has been borrowed from the Roman law; and under its rules payments have been applied to the discharge of debts, which have been secured by mortgage, or in other ways, rather than to those, which are not; to claims which had long been payable, in preference to those which had more recently arrived at maturity. ' *United States* v. *Kirkpatrick*, 9 Wheat. 720; *Pattison* v. *Hall*, 9 Cowen, 747, and notes. " The whole of this doctrine of the Roman law," as expressed by the court in *Goss* v. *Stinson*, 3 Sum. 98, " turns upon the intention of the debtor, either express, implied, or presumed; express, when he has directed the application of the payment, as in all cases, he has the right to do; implied, when he knowingly has allowed the creditor to make a particular application at the time of the payment without objection; presumed, when in the absence of any special appropriation, it is most for his benefit to apply it to a particular debt." The general instruction to the jury in the case at bar was not inconsistent with these principles.

But it is insisted, that there was evidence in the case, that the creditor actually appropriated the payment made by the debtor to the note dated on March 23, 1848, and to other claims than that of the first item on the plaintiffs' account, in suit, in such a manner as to bind the defendants; and that the jury were misled by the remark of the Judge, that, " he did not see any evidence of appropriation." The case of *Allen* v. *Kimball*, 23 Pick. 473, cited by the plaintiffs upon this point, is unlike the one before us. One note of hand was the only cause of action in that suit, and it was held, that the prosecution thereof after the payment, was evidence, that the appropriation was made by the creditor to another note, which became subsequently payable. In the case before us, the prosecution after the payment may have been for the recovery of the last item of the account, after the other might have been paid. But the jury were instructed to find for the defendants, *if there had been no appropriation.* They could not have understood, that the evidence, which was before them, was intended to be withdrawn from their

consideration ; and it was clearly implied, that they were to find a verdict for the defendants only in the event, they were not satisfied of an appropriation.

The notice given by the plaintiffs to the defendants, that they claimed to appropriate the amount received to other demands, than the first item of the account in suit, was without effect. The creditor cannot make the appropriation of an indefinite payment at a time when a controversy has arisen between the parties thereon. *Goss* v. *Stinson*, 3 Sum. 98.

*Exceptions overruled.*