## Case No. 7,316.

### The J. F. SPENCER.

[5 Ben. 151.] [1]

District Court, E. D. New York. May, 1871.

F. H. Wilcox, for libellants.
E. C. Benedict, for claimants.

BENEDICT, District Judge. This is a proceeding in rem to enforce a lien upon the bark J. F. Spencer for the amount of certain advances made by the libellants on the request of the master, to supply the necessities of that vessel. [Case No. 7,315.]

The case now comes up in the form of exceptions to the commissioner's report; but it must be considered to be on hearing upon the questions of law and of fact, which were not disposed of at the first hearing, and is to be decided upon the evidence reported by the commissioner in addition to that taken in court.

It appears, then, from the evidence, that the vessel in question was a foreign vessel, owned in Nova Scotia, and engaged in the general freighting business. On several occasions when she arrived in New York, she was, by her master, consigned to the libellants, who accordingly acted as shipping agents for her, doing her business at the custom house, collecting her freights, paying such of her bills as the master might direct, and procuring business for her. When first employed, the master informed the libellants that he should need advances for the vessel, and, accordingly, certain advances were made upon the credit of the vessel, and charged to her at the time. A bill of the sums, which constitute the demand now sought to be recovered, was put in evidence upon the first hearing, the gross amount of which is $5,460 25, on which a credit of $4,310 76 is given,

leaving a balance of $1,149 49, and it is for this balance that a decree is asked.

The evidence taken before the commissioner supports his conclusion that the amount of the bills of necessaries used by the vessel and paid by the libellants, is $4,507 46, the items of which consist of necessaries for the vessel, which the vessel actually needed and received, and this sum the libellants advanced upon the credit of the ship.

According to the general maritime law, a person who advances money upon the credit of the ship, in a case like this, for the purpose of repairing her or for furnishing her with necessary supplies, and which is actually employed for that purpose, has a lien upon the ship for such advances. The maritime codes seem to be harmonious in regard to this rule, and they have been followed by the admiralty courts of this country. Davis v. Child [Case No. 3,628]; The Joseph Cunard [Id. 7,535]; The Crescent [Id. 3,386]; 1 Pars. Mar. Law, 489.

The rule has also been applied by the English admiralty. In the case of The Sophie, 1 W. Rob. Adm. 369, Dr. Lushington, speaking of money advanced to the master for the service of the ship, says: "I consider myself at liberty to enlarge the term necessaries so as to include money expended for necessaries." See, also, The Wm. F. Safford, 1 Lush. 69. And such I understand to be the rule of the maritime law as administered in France.

There is a decision of the supreme court of the United States in the case of Minturn v. Maynard, 17 How. [58 U. S.] 477, which might be supposed to look towards the establishment of a different rule. But that case, probably, cannot affect the question here, as in that case the libellant was the general agent or broker of the owners of the ship, who acted, as I gather from the report, in the place of the owners' residence, and never dealt on the credit, pledge or security of the ship. I do not understand that decision to be applicable to a case like the present, and it has not been relied on by the claimants here.

However this may be, there is here another question upon which the case must turn, and that whether the libellants should not be held to have been repaid these advances by the freight which they have received. It appears by the proofs taken before the commissioner that the libellants have received freight moneys of the vessel more than sufficient to discharge the present demands, but they claim the right to apply these credits first to the discharge of certain other demands for insurance, commissions, &c., which they claim the vessel owed them, and accordingly they give credit for the balance only upon the bill in suit. I do not find in the evidence any proof that any such application of these freights was made at the time of their payment, and am of the opinion that, in the absence of any express application by the ship owner, freight money received by a con-

[1] [Reported by Robert D. Benedict, Esq., and here reprinted by permission.]

signee of a ship is to be deemed to be applied to the discharge of the liens upon the ship. Such an application is to be presumed, because, while liens are implied in the interest of commerce and for the advantage of the ship, it is equally important that they be extinguished as soon as possible; and further, because the freight, which the ship earns, is the true fund from which necessaries of the ship are to be supplied. Many, if not all such items carry with them liens upon the freight as well as upon the vessel, which are discharged by the receipt of the freight, and to the extent of the freights are deemed thereby paid. The Antarctic [Case No. 479]; The St. Jago de Cuba, 9 Wheat. [22 U. S.] 409.

. Applying this rule to the present case, it is apparent that the demand of the libellants has been discharged by the freight moneys acknowledged to have been received. The libel must, accordingly, be dismissed, with costs.