## THE MARY K. CAMPBELL.

### HOUGHTON et al. v. THE MARY K. CAMPBELL.

#### (District Court, S. D. New York. December 31, 1889.)

1. **MARITIME LIENS—RUNNING ACCOUNT—APPLICATION OF PAYMENTS.**
   The special agents of a foreign vessel made advances for the vessel's account on various charges which were liens; also other advances, to the owners, of moneys which were not liens, but were advanced upon the credit of the freight moneys which were to be collected by them, as shown by the correspondence between the parties. All the debits and credits were put in one running account. *Held*, that the intention of the parties controls the application of payments; and that the intention here was that the freight moneys should be applied upon all lawful charges alike, and that such credits should accordingly be applied by the court to the debits chronologically, and that an attempted application by the creditor to non-lien charges, while preparing for suit, was too late.

2. **SAME.**
   The vessel having been sold in prior proceedings, *held*, that the agents upon their libel *in rem* were entitled, as against the mortgagee, to claim out of the remnants and surplus such items of their unpaid account (after applying the credits chronologically) as were liens on the ship only, excluding advances to seamen made contrary to law, and their own commissions.

In Admiralty.
*H. D. Hotchkiss*, for libelant.
*Wilcox, Adams & Macklin*, for mortgagee.

BROWN, J. The application of payments of moneys received by a creditor, when not determined by the act of the parties at the time, should be made by the court in accordance with the common intention of the parties, where there is evidence, either express or by fair implication, of what the common intention was. This intention, when ascertainable, is controlling. I am satisfied from the correspondence and the evidence in this case that the libelants, the agents of the Mary K. Campbell in this port, in making their advances to the owners, made them upon the faith of the moneys to be collected by them on account of the Mary K. Campbell and her freight, and that such freight moneys were virtually pledged for these advances. All the charges, both for these advances, and for claims which were strictly maritime liens, were placed in one running account, and the moneys which were received by the libelants were in a like manner placed on the credit side of the same general account. Upon such a transaction the credits should be applied by the court chronologically to the earliest items in the account, in so far as the charges on the debit side are lawful charges; because that, and that only, carries out the intention of the parties. In *The J. F. Spencer*, 5 Ben. 151, there

does not appear to have been any such intention of the parties as in the present case. And in the case of *151 Tons of Coal,* 4 Blatchf. 368, Mr. Justice NELSON held that the application by the court of payments to items not liens "would be unobjectionable," if there had been no special application by the parties. To recover in this proceeding against the proceeds of the vessel, and as against the mortgagee, it is incumbent upon the libelant to establish a lien for the unpaid balance of the account. Applying the credits chronologically upon the lawful charges in the running account, as I find was the intention of the parties, the remaining items are partly liens and partly not. The amounts which were liens I make out to be $231.95. For this sum, with interest, the libelants are entitled to a decree.