### THE SOPHIA JOHNSON.

(District Court, W. D. Washington, N. D. May 10, 1916.)

#### No. 3259.

1. MARITIME LIENS ⬙42—SUPPLIES—APPLICATION OF PAYMENTS.

Intervener sold oil from time to time to the owner of a vessel for commercial purposes, and also for the use of the vessel. It was all charged in a general account, and all payments were credited to such account. *Held* that, after suit brought against the vessel by other lien claimants, intervener could not change the application of the payments made to the

items bought for commercial purposes, and assert a lien for the oil furnished to the vessel during the entire period.

[Ed. Note.—For other cases, see Maritime Liens, Cent. Dig. § 80; Dec. Dig. ☞42.]

2. PAYMENT ☞47(1)—APPLICATION OF PAYMENTS.

An application of payments, once made, cannot be changed, so as to affect the rights of third persons.

[Ed. Note.—For other cases, see Payment, Cent. Dig. § 127; Dec. Dig. ☞47(1).]

In Admiralty. Suit by H. W. Starrett, doing business as the Sunset Boat & Engine Company, against the schooner Sophia Johnson. On exceptions of libelant to allowance of claim of the Union Oil Company. Exceptions sustained.

Daniel Landon, of Seattle, Wash., for libelant.
Cassius E. Gates, of Seattle, Wash., for intervening libelant Union Oil Co.

NETERER, District Judge. This cause was referred upon stipulation of parties to the commissioner to take testimony and report findings and conclusions. Exceptions are now filed to the allowance of the claim of the Union Oil Company as reported by the commissioner. The testimony shows that in 1914 the Union Oil Company entered into an arrangement with the owners of the schooner Sophia Johnson, by which it furnished oil to the owners of this vessel, and for commercial purposes, and for fuel on the vessel. This oil so furnished was sold to various fishermen and patrons located at various points upon Puget Sound. These items were furnished upon an open account charged to "Schooner Sophia Johnson, Owner's Acct. Sallie & Thuesen." The first entry appears May 15, 1914, and oil was furnished from that time upon a current account until the 9th of March, 1916. During this time it appears that $10,665.32 worth of oil had been furnished. Upon this account was paid from time to time the sum of $9,694.18, leaving a balance due of $972.14. Intervening libel was filed to recover this full amount, but upon the hearing before the commissioner intervening libelants abandoned recovery for the full amount, and sought to apply all of the payments made upon the items in the account for oil furnished for commercial purposes, and produced "delivery slips" covering the period of time showing that $755.14 had been furnished to the vessel for consumption as fuel by the vessel, and elected to apply the moneys paid to the oil furnished for commercial purposes, and hold the lien on the vessel for the fuel furnished during the entire period.

[1] I think the exceptions of the libelant must be sustained. The intervening libelant would have the right to apply a general payment made to any account which it may have against the debtor when no application is made by the debtor himself, but this must be done at the time and before any controversy arises. The Mary K. Campbell, 40 Fed. 906. It is too late to make application of payments while preparing for suit, or after suit is instituted. Taylor v. Coleman, 20 Tex.

772; Norris v. Beaty, 6 W. Va. 477. In the instant case there was but one account. The payments, as disclosed by the testimony, were credited to the current account, in which were the items of oil furnished for the commercial purposes, as well as the oil for consumption upon the vessel. Nothing appears in the account to indicate any intention on the part of the intervening libelants other than to furnish the oil upon the general current account. A party cannot intermingle items for which he has a lien with items for which he has no lien, and then assert a lien for the entire amount. Such is construed into a fraudulent intent, and the entire claim is defeated.

[2] The payments made were applied to the general account, and that included some items for which a lien is now asserted, and after the application of the payment by the creditor, it cannot be altered by him, except by mutual consent. Pearce v. Walker, 103 Ala. 250, 15 South. 568. And where application is made at the time of payment, no change in appropriation can afterwards be made, so as to affect the equities of third parties. Terhune v. Colton, 12 N. J. Eq. 232. The only right that the intervening libelant in this case can hope to have will be to recover for such oils as were furnished to the schooner for fuel within 90 days prior to the filing of the libel herein, as remain unpaid after the application of all payments to the account current (The Edith [D. C.] 217 Fed. 300), and have allowed as a claim of the second class the unpaid items furnished prior to such time, after being credited as indicated, and an order may be presented accordingly.