*ALLEN, J.,
after disposing of several controverted points touching matters of detail, said — As to the application of payments, where no specific application was made by the parties, and where it does not appear upon what claim the money was received, generally speaking, the debtor has the right to make the application. If he fails to do so, the creditor, having different debts, may make the application as he chooses. These are familiar and well settled rules. But where neither party makes the application, and the question is referred to the court, upon what principle is the adjustment to be made?
According to the civil law, the presumable intention of the debtor was resorted to, as the rule to determine the application : and in the absence of any express declaration by either, the enquiry was, what application would be most beneficial to the debtor. In England, the question would seem to be still unsettled. The leading cases are reviewed by the master of the rolls in Clayton’s case, 1 Mer. 605, and he remarked, “that the cases set up two conflicting rules, the presumed intention of the debtor, which, in some instances at least, is to govern, and the ex post facto election of the creditor, which in other instances is to prevail;” and concluded that he would be much embarrassed were the point necessarily to be decided in that case. The question has arisen in several cases in the supreme court of the U. States. In Field v. Holland, 6 Crunch 27, that court said, that “if the application is made by neither party, it becomes the duty of the court, and in its exercise a sound discretion is to be exercised. It cannot be conceded that this application is to be made in a manner most advantageous to the debtor. If neither party avails himself of his power, and it devolves on the court, it would seem reasonable, that an equitable application should be made. And it being equitable that the whole debt should be paid, it cannot be inequitable to extinguish *first those debts, for which the security is most precarious.” And in accordance with those principles, the application was made in a manner most beneficial to the creditor. In the U. States v. Kirkpatrick, 9 Wheat. 737, the court said, “if both parties omit, the law will apply the payments according to its own notions of justice:” And in that case, they were so applied as to operate beneficially to the sureties of the debtor and against the creditor. The same proposition is laid down by justice Story in IT. States v. Wardwell, 5 Mason 82. If neither party makes the application, the law will adjust it, by its, own notions of the equity and justice of the particular case. The point has not been decided (so far as I can discover) in Virginia. In the absence of any express authority, I incline to the opinion, that the position taken by the supreme court, is, upon the whole, the best. No general rule applicable to every case could be adopted and adhered to, without producing great hardship. Men keep their accounts loosely: scarcely any case occurs, which does not vary, in some material circumstances, from every other case. Justice to creditor, or debtor, would frequently require exceptions to any specific rule that might be adopted; and these exceptions would multiply with the ever varying dealings and transactions of individuals, until at length the rule itself, and the particular cases in which it could apply, would become exceptions. If the parties, having the power, fail to use it, they cannot complain that the law, not conforming itself to the presumed intentions of either, makes the application according to the justice of the particular case, in view of all the circumstances attending it.
How should the payments have been applied, so as to have done justice to the parties in the case before us? The mode adopted is most favourable to the creditor. A number of claims were added together, interest computed on the principal of each, and the credits applied, *first to liquidate this interest. In this instance, the rule adopted must operate injuriously to the debtor. For the debts so added together, appear, in most instances, *702 not to have been collected when charged to the attorney. The debtors when they did make paj'ments to him, would, in most cases, paj’ a part, and in some, the whole, of the claims. Every such payment would therefore reduce the amount upon which the attorney could collect interest. If, when he- makes payment to his client, the credit is applied to the aggregate of interest accruing on many claims, the whole of the principal is an Interest-bearing fund against him, whilst he receives interest but upon a portion of the principal from the original debtors. By this operation, the client receives more than his attorney could collect. Even if the precise period at'which all the claims were collected could be ascertained with absolute certainty, it seems to me this mode of-application should not be adopted, where the relation of attorney and client exists; though as between ordinary debtor and creditor, it may be right to apply the credit first to the interest of the debt. In this'case, the attorney was not the original debtor; but the effect of the mode adopted in stating the account, is to substitute him as the debtor of his client in the place of the original debtors, and by a consolidation of the debts to improve the condition of the creditor. It is true, that when he receives it, he holds the money of his client in his hands. But he should not be subjected to the rule which applies between ordinary debtor and creditor, unless a disposition is manifested to appropriate the money" of the client to his own use.
The application made by the report conflicts with another rule established bjr the cases above cited; and that is, that in cases of "long standing accounts, where debits and credits are constantly occurring, and no balances are struck otherwise than for mere purposes of making rests, the payments ought to be applied to extinguish *the debts according to priority of time. In this case, no regular account was made out between the parties: but that does not affect the principle. The matter rested in account; there were debits on one side for claims collected, credits on the other for money paid. These claims on either side, must be brought into the account whenever it is adjusted. And this principle, recognized by all the cases, must govern the application of the payments. Por that, it is held,' is the legal result of carrying the credits in-o the general account. I think, therefore, that upon the justice of the case, as well as upon authority, the credits, in this irstance, should have been applied to the items charged, according to priority of time; and that the exception of the defendant to the mode of stating the account was well taken and should have been sustained.
Iam therefore of opinion, that the decree should be reversed. That the defendant’s exception to the charge against him for the debt of Eespass, should be sustained. That the cause be remanded, in order that the accounts may be recommitted with instructions to charge the defendant with the claims at the time the same were collected by him, taking the period up to which the defendant, in the account filed with his answer, has calculated interest upon them, as the period of collection, where the contrary is not shewn: if the account so filed by him omits any claim which he has collected, and there is no evidence of the time of payment, to charge it to the defendant, within a reasonable time for collection after it was placed in his hands; and if it does not appear when the money was paid, or the claim placed in his hands, then he should be charged with it within a reasonable time for collection after it became due. That the commissioner ascertain the amount of each claim, including principal and interest, when collected, or when chargeable to the defendant; and after deducting five per cent, for commission, calculate interest upon the *whole amount of the claim against the defendant, allowing in each case four months for the defendant to make remittances ; and that he apply the payments, where no specific application was made by the parties, and it does not appear upon what claim they were received by the defendant, to the items as they are charged in the account, in the order of time in which they stand charged, applying the credits, first to the extinguishment of the interest, and the residue to the principal of such item.
The other judges concurred. Decree reversed, and cause remanded &c.