# CHARLESTON.

## FISHER'S EX'RS *v.* HARTLEY.

### Decided December 1, 1900.

1. PERSONAL JUDGMENT—*Limitation.*
   A personal judgment upon any cause of action merges and ends that cause of action, and thereafter the statute of limitations runs against the judgment.   (p. 340).

2. ACTION—*Absence From State Deducted.*
   If a defendant, once a resident of the state, departs and resides out of it before a personal judgment against him, the time of his residence abroad will not excuse the judgment from the statute of limitations, though he was a resident when the cause of action on which the judgment rests arose or accrued.   (p. 340).

3. ACTION—*Residence Abroad Does Not Defeat.*
   If before both the birth of the cause of action and the accrual of the right of action a resident of the state removes out of it, his departure and residence abroad will not save the action from the statute of limitations.   (p. 341).

4. ABSENCE ABROAD EXCUSES—*Limitations.*
   Departure from and residence out of the state after the accrual of the right of action are, of their own force, an obstruction to the prosecution of such right of action, excusing from the statute of limitations.   (p. 342).

Error to Circuit Court, Jackson County.·

Action by ·C. E. Hogg and L. F. Campbell, executors of one Fisher, against Anderson C. Hartley.   Judgment for defendant, and plaintiffs bring error.

*Affirmed.*

CHARLES E. HOGG, for plaintiffs in error.

JOHN H. RILEY, for defendant in error.

BRANNON, JUDGE:

On the 12th of August, 1881, Fisher, then in life, recovered a personal judgment against Hartley, and on the 4th day of May, 1894, Hogg and Campbell, executors of Fisher, brought an action of debt in the circuit court of Jackson County upon

said judgment against Hartley and he pleaded the statute of limitations, and to that plea the plaintiffs filed a replication setting up "that before the right of action in the premises in the declaration alleged accrued to the plaintiffs, the said defendant resided in this State, and resided therein when the liability was contracted upon which the judgment sued on in this action is founded, and that on the — day of ————, 1880, the said defendant departed and removed out of said State, and that the defendant continued to remain and reside out of this State until the — day of ————, 1894; and the plaintiffs further say that the defendant returned into this State on the — day of ————, 1894, and that the plaintiffs commenced this action on the 4th day of May, 1894, and so deducting the time the said defendant remained out of this State as aforesaid, the said several causes of action in the declaration mentioned did accrue to the said plaintiffs within ten years next before the commencement of this suit." The court afterwards struck this replication out of the case as presenting no answer to the plea of the statute of limitations, and judgment having been rendered by the court upon facts agreed in favor of the defendant, Fisher's executors have brought the case to this Court.

The case turns entirely upon the question whether the court was right in striking out said special replication. It will be observed that that replication does not state that on the 12th day of August, 1881, Hartley resided in this State, but on the contrary, states and admits that he removed out of the State in 1880. This suit is based alone on the judgment, and on it the statute of limitations commenced to run the instant it was rendered. Before that judgment was rendered Hartley had ceased to reside in this State. That replication says that Hartley resided in the State when the liability was contracted upon which the judgment was founded, and thus seeks to introduce as a material element in the case that fact; but it is wholly immaterial. No matter what the cause of action on which that judgment rested, as the law is well settled that whatever that cause of action was, it is merged, closed and drowned in that personal judgment; for when a personal judgment is rendered upon any cause of action, that cause cannot be again made the subject of a suit, and the judgment is thereafter the sole test of the rights of the parties, constitutes a new debt of the highest dignity,

closing the statute of limitation on the original cause of action. Such is the general law. 15 Am. & Eng. Encyl. L. 336; Freeman on Judgments, ss. 215, 216, 217. By the judgment the debt is "changed into a matter of record and merged in the judgment, and the plaintiff's remedy is upon the latter security while it remains in force." "The original claim has, by being sued upon and merged in the judgment, lost its vitality and expended its force and effect." Black on Judgments, s. 674. It is plain, therefore, that the residence in the State of Hartley at the time of the accrual of the original cause of action on which the judgment is based cannot save the plaintiffs from the statute of limitations. To escape the statute of limitations Hartley must have resided in the State on the date of the judgment; for then this new debt and its right of action arose and accrued; and on that date he was not a resident. That such is the true view, that is, that the date of the judgment is the crucial point as to residence is further fortified by the consideration that chapter 104 of the Code gives limitations on notes and other causes of personal action, while chapter 139 prescribes limitation to a judgment, showing that when there is a judgment that limitation applies, not the limitation applicable to the original cause of action. Hartley being a non-resident at the time of the birth of the demand and the accrual of the right of action, the exception from the statute of limitations that where the cause of action shall accrue against a person who had before resided in this State, "if such person shall by departing without the same, or by absconding or concealing himself, or by any other indirect ways or means, obstruct the prosecution of such right * * * * the time that such obstruction may have continued shall not be computed," cannot save the plaintiffs' demand from the statute of limitations. *Walsh* v. *Schilling,* 33 W. Va. 108, holds that where the defendant, though once a resident of the State, removes out of the State before the accrual or birth of the cause of action, such removal does not bring him within the exception specified in the statute just quoted. So also holds *Embrey* v. *Jamison,* 131 U. S. 336, construing the Virginia statute precisely the same as ours. So, in effect, *Hefflebower* v. *Detrick,* 27 W. Va. 16. Hartley had removed from the State before the birth of the present cause of action and before right of action thereon, both being in this case the same instant. The origin and accrual of the cause of action being

simultaneous, we need not discuss the conflict of opinion between the cases of *Embrey* v. *Jamison,* which holds that to bring a party within the exception of the statute, he must be a resident of the State at the accrual or maturity of the right of action, and that if a resident at the birth of the cause of action, but not at the accrual or maturity of right of action, he does not come within the exception, and *Hefflebower* v. *Detrick,* which holds that if a party is a resident at the birth, but removes before the accrual, of the cause of action, he does come within the exception. I think the replication was properly stricken out as presenting no answer to the plea of the statute.

It is objected that the replication is bad also because it does not affirmatively allege that the removal of Hartley from the State did in fact obstruct the prosecution of the plaintiffs' action. I think this is no objection to the replication, because as held in *Cheatham* v. *Aistrop,* 97 Va. 457, and *Ficklin* v. *Carrington,* 31 Grat. 219, the "removal of a judgment debtor from the state is of itself an obstruction to a suit to enforce the judgment, and the statute of limitations does not run against the judgment while the debtor remains out of the state." The statute itself seems to confirm this construction in the fact that it mentions departure from the state, absconding and ceoncealing as specific grounds of obstruction of the right of action excusing from the operation of the statute, and then adds "or by any other ways or means obstruct the prosecution of such right," thus plainly intending to say that such departure, absconding or concealing himself shall *per se* be regarded as obstruction of the prosecution of action excusing from the bar of the statute. Therefore, we affirm the judgment of the circuit court.

*Affirmed.*