## CHARLESTON.

Gladys McKown v. Citizens State Bank of Ripley.

Submitted October 3, 1922. Decided October 10, 1922.

Appeal and Error—*Verdict Against Weight of the Evidence Set Aside on Writ of Error; Findings of Court, Against Weight of Evidence, Set Aside, and Proper Finding and Judgment Rendered on Writ of Error.*

When on the trial of an action the evidence decidedly preponderates against the verdict of the jury or the finding of the trial court thereon, this court will on writ of error reverse the judgment, and if the case was one tried by the court in lieu of a jury, will make such finding and enter such judgment on the evidence as the lower court should have done.

Error to Circuit Court, Jackson County.

Action by Gladys McKown against the Citizens' State Bank of Ripley. From a judgment of the circuit court for plaintiff on trial *de novo* on appeal from the court of a justice of the peace, defendant brings error.

*Reversed; Judgment for defendant.*

T. J. *Sayre*, Hogg & Hogg, and Kenna K. Hyre, for plaintiff in error.

J. L. *Wolfe*, for defendant in error.

Miller, Judge:

Plaintiff sued defendant before a Justice of Jackson County upon a claim of $160.00. The justice, after hearing the evidence, found for defendant and gave judgment for costs in its favor against plaintiff. The plaintiff took an appeal to the circuit court, where the case was tried *de novo* before a special judge chosen, who by agreement of the parties sat in lieu of a jury, and after hearing all of the evidence found for the plaintiff and rendered judgment in her favor against the bank for the full amount sued for, which with interest aggregated $167.84, and also for costs before the justice and in the circuit court therein incurred.

The sum sued for was the amount of an alleged deposit by plaintiff in the bank on December 28, 1919. It was claimed that the deposit was made on that date by plaintiff's husband, who made all deposits and transacted the business for her with the bank. The claim to this deposit was based largely upon an entry of credit for $160,00 originally appearing on the pass book immediately under an item of "Dec. 12, Dept. $100.00," thus, "—— 28, Dept. $160.00." The month was not written in front of the figure "28," but the plaintiff says there were ditto marks under the word or abreviation "Dec." in the preceding entry; but the cashier of the bank, with whom the transaction took place, swears that there were no ditto marks there; that ditto marks were not generally used to indicate the month; that when more than one deposit was made in any one month, the dates after the first item were always indicated by figures entered in the date column only. The plaintiff concedes that December 28, 1919, was Sunday, and that the bank was not open on that day, but she pretends that Armstrong, the cashier, took the money on that day. But she was not present when the deposit, if any, was made. The record shows that plaintiff's account had not been balanced after the entry of December 12, 1919, until shortly before this suit was brought March 7, 1921. But the cashier testifies that on March 10, 1920, a deposit of $5.28 was made in the absence of the pass book, and that later when the book was brought in, he turned to the ledger to get the date of that item, and then seeing the entry of $160.00 as of March 1, 1920, he put that item on the pass book also, but that no deposit of that amount was made at that time. The next deposit after March 10th was June 24th, of $110.00. If his testimony is correct, these entries were likely made at that time, for otherwise they could not have been made in chronological order as they appear on the pass book. It was while he was making these entries in the pass book to correspond with the ledger entries that he says he discvovered the entry on the pass book as of "— 28, Dept. $160," and drew his pen through it, and the new or corrected entry of March 1, 1920, was substituted

for it.   Following these were several other items of credit, down to and including one of February 24, 1921.   Plaintiff's husband said respecting the alleged deposit of December 28, 1919, that he was at church on Sunday night, and there handed the money to Armstrong, cashier, who made the entry, "28, Dept. $160.00."   But the justice of the peace before whom the suit was brought testified that at the trial before him McKnown swore that he paid the money representing this deposit over the counter at the banking house.

It seems to us that Armstrong, the cashier, and Ferguson, the assistant cashier, satisfactorily explained the corrections in plaintiff's pass book.   Armstrong admits that the sum of $160.00 was handed to him at the church on a Sunday night. and that he made the entry in plaintiff's pass book as it originally appeared; but he swears that this transaction occurred, not on December 28, 1919, but on Sunday night, February 29, 1920, and that in making the entry he said to McKown that he would enter it as of Saturday, February 28th; that on going to the bank on Monday morning he made out the deposit slip to correspond to the date entered in the pass book, which slip was produced in evidence and identified as the original; but the date of the ledger entry was as of March 1, 1920, the actual date of the deposit of the money in the bank.   He also swears that plaintiff's husband called at the bank frequently to inquire how plaintiff's account stood, and was told the fact as shown by the ledger sheet, and that the present claim of $160.00 was not made until after the pass book was balanced and returned, February 25, 1921. The bank officers were further examined, and testified with reference to the books that while small discrepancies in cash short or over had occurred on some of the days in January and February, 1920, there was nothing in the cash account or in the daily balances to suggest any such sum as $160.00, short or over in cash.

So that it seems to us that there is no evidence to justify the theory that plaintiff is entitled to credit for two deposits of exactly the same sum, all within so short a time.   Neither plaintiff nor her husband swear that two deposits were made

instead of one for $160.00. They rely solely on the entries and erasures on the pass book. McKnown does not claim to have made a deposit of $160.00 on March 1, 1920. His sole contention is that he made one of that amount on December 28, 1919. There is no evidence justifying the conclusion that plaintiff is entitled to credit for both items. Not a particle of evidence was offered by plaintiff to show she made two deposits of $160.00 except what is evidenced by her pass book, which was explained by the bank officers. To allow her credit for both entries would be wholly inconsistent with the evidence, which does not really conflict on any point.

Generally where there is a conflict in the oral evidence on material facts, we do not disturb the finding of the jury, or of the trial court if tried without a jury; but if the evidence, as in this case, decidedly preponderates against the finding of the jury or of the court, this court will grant a new trial; and if the facts as well as the law have been submitted to the court in lieu of a jury, we will on writ of error reverse the erroneous judgment and enter such judgment here as the court should have entered. *Limer* v. *Trader's Co.*, 44 W. Va. 175; *Griffith* v. *American Coal Company*, 78 W. Va. 34. Indeed where the decided weight or preponderance of the evidence is against the verdict or the finding of the court, it is our duty to set aside the verdict or finding of the lower court. *Palmer* v. *Magers*, 85 W. Va. 415. These conclusions render it unnecessary, if not improper, to respond to any of the other points of error relied on.

The judgment and finding of the court below will therefore be reversed, and on the evidence adduced on the trial we find for the defendant; and our judgment theron will be that the plaintiff take nothing by her action and that defendant recover against her its costs in the circuit court as well as those incurred by it in this court.

*Reversed; Judgment for defendant.*