## CHARLESTON.

New River Grocery Co., *et al., v.* W. C. Neely, *et als.*

(No. 6291)

Submitted September 18, 1928. Decided September 25, 1928.

*A. D. Daly,* for appellants.

*James H. Miller* and *W. A. Brown, Jr.,* for appellees.

HATCHER, JUDGE:

W. C., R. C. and Z. C. Neely conducted a partnership grocery business under the name of the "Cash Store Company." On September 22, 1926, Z. C. executed a deed of trust on the store furniture and fixtures to secure the payment of $2,000.00 owing, as the deed stated, to W. C. and R. C. for balance of purchase price of their interest in the store, which Z. C. had that day bought from them. The deed of trust was placed of record February 18, 1927. There was some delay about closing up the transaction, as November 6, 1926, seems to have been the day upon which the dissolution of the firm was finally effected. On that day the firm owed $5,702.73 to New River Grocery Company (hereinafter referred to as the plaintiff), its only creditor. The business was continued by Z. C. after his purchase, in the name of the "Cash Store Company," and credit was extended to him by the plaintiff as well as others. His affairs became rapidly involved. This suit was instituted July 23, 1927, for the purpose of collecting the several balances due from Z. C. and the partnership. Two matters are properly before us on this appeal; (1) the validity of the trust deed, and (2) the appropriation of certain payments received by plaintiff from the Cash Store Company.

1. The trust deed was not attacked by the plaintiff. It was challenged, however, in this suit by a petition of the trustee in bankruptcy of Z. C., as "an unlawful preference" in favor of W. C. and R. C. It was held fraudulent and invalid by the circuit court as to the claimants who credited Z. C. after the dissolution of the partnership. That Z. C. purchased the interest of his partners and was indebted to them in the amount mentioned in the trust deed is not controverted; that he was insolvent on September 22, 1926, and the trust deed was clearly an attempt to prefer W. C. and R. C. is also established. It could have been held void as to such preference at the instance of *prior creditors* had suit been brought within four months after it was recorded. Section 2, Chapter

74, Code. This was not done. The ruling of the circuit court is therefore erroneous, under the statute.

2. Two checks were drawn by the Cash Store Company in favor of the plaintiff dated January 1, 1927, and March 9, 1927, and were for $1202.10 and $400.00, respectively. Each of the checks now bears the words "on old acct." Z. C. says that inscription was on them when he mailed them to plaintiff, and that they should therefore have been applied to the indebtedness contracted by the partnership. The manager, bookkeeper and another employee of plaintiff state that the inscription was not on the checks when received by plaintiff, and that the checks were accordingly applied to the credits extended Z. C., trading as the Cash Store Company after the dissolution of the partnership. Both commissioner and the court found in favor of the plaintiff on this issue. It seems likely, from the evidence, that Z. C. intended to pay off certain items of the old account; but whether the checks actually contained the words "on old acct." when delivered to plaintiff, is a matter of controversy, upon which we cannot say that the evidence plainly preponderates on the side of Z. C. "The rule established by the repeated decisions of this Court, both as to law and equity, is that the finding of the circuit court as to facts in issue, unless against the plain preponderance of the evidence, is conclusive on the court of appeals." *McBee* v. *Deusenberry,* 99 W. Va. 176. If the checks contained no designation, the creditor had the right to apply them on the more precarious debt, which was the credit extended to Z. C. alone. *Wait* v. *Bldg. Assn.,* 81 W. Va. 702; 709; *Farr* v. *Weaver,* 84 W. Va. 182. The appropriation made by plaintiff of the two payments must therefore be upheld.

The appellants complain here that the proof is insufficient as to sundry claims allowed by the commissioner. His report was not challenged in the circuit court as to the allowance of such claims. The complaint of the appellants will not now be heard, as they are deemed to have acquiesced in any finding of the commissioner to which they did not except. *Land Company* v. *Jarrell,* 94 W. Va. 564.

The appellants also assert that the commissioner was disqualified to act, by reason of interest. With full knowledge

of that interest, they permitted him to proceed without objection, until his report was filed. It was too late then to object. They had waived the disqualifying interest. *Teter* v. *Moore,* 80 W. Va. 443.

The decree of the circuit court is reversed as to its finding on the trust deed of September 22, 1926, but is otherwise affirmed.

*Reversed in part; affirmed in part.*