JAMES McCORMICK *v.* BLANCHE McCORMICK

(No. 8566)

Submitted April 14, 1937. Decided April 27, 1937.

*Hubard & Bacon,* for appellant.
*Dillon, Mahan & White,* for appellee.

HATCHER, JUDGE:

This appeal relates to the powers of a divorce commissioner.

The husband was plaintiff. Both he and defendant voluntarily appeared before a divorce commissioner and submitted their evidence which was taken in shorthand. The commissioner, without having the evidence transcribed, filed with the circuit court a report, which purported to digest the evidence and recommended that plaintiff be given an absolute divorce. The defendant excepted to the report on the sole ground that the recommendation was not justified by the evidence. Pending the exception, the defendant took further testimony before the divorce commissioner, who filed another report, purporting to digest the additional evidence, and confirming his former recommendation. After the second report, defendant filed in the circuit court a petition alleging that she was without funds and praying that plaintiff be required to have all the evidence transcribed. This prayer was overruled. The court had the reporter (as the order shows) "read back to him the testimony of both, plaintiff and defendant as given in this cause, together with certain other testimony." The court then overruled defendant's objections to the divorce commissioner's report, and awarded plaintiff an absolute divorce. Thereupon, the defendant *objected to the decree* mainly on the grounds that there had been no order of reference to the divorce commissioner, that he had no authority to execute such an order had it been made, and that the evidence was not properly before the court.

Code 48-2-26, provides that the circuit court, instead of trying a divorce suit in chambers, may refer the cause "to one of the commissioners in chancery of such court, or to a special commissioner, who shall take and return the testimony in such cause, together with a report of all such facts as the commissioner may be able to obtain" etc. It has been the practice in some circuits to

make this reference to the divorce commissioner. This practice is referred to in the Revisers' Note to 48-2-24 with the comment that while the statute possibly admits such construction, the Revisers thought the statute was not so intended. 48-2-24, particularizes the duties of the divorce commissioner as follows: "* * * to investigate all divorce suits; to appear at all trials and examine witnesses when necessary, and defend the interests of the State; to bring before the court, at the trial, all witnesses necessary to develop the true facts and generally take all necessary steps to prevent fraud and collusion in divorce suits." This statute recognizes the State as a party, though a silent party, to every divorce suit, and makes a divorce commissioner the special representative of the State. 48-2-26, makes the commissioner in chancery, to whom a cause is referred, the impartial representative of the circuit court. Thus the two positions are incompatible, and reference under 48-2-26 should not be made to a divorce commissioner.

The record herein contains no order of reference, nor does it contain a denial that the order was made. Since both of the parties, the divorce commissioner, and the court all acted as if the order had been made, the proceeding may be viewed accordingly. And it will be remarked that no objection whatever was made by defendant to the competency of the commissioner until after both he and the circuit court had held against her. The legal competency of a commissioner may not be raised by the exceptor to an adverse report, who knowingly permitted the reference to proceed and voluntarily took the chance of success. *New River Grocery Co.* v. *Neely,* 106 W. Va. 96, 98, 144 S. E. 874; *Peery's Adm'r.* v. *Elliott,* 101 Va. 709, 44 S. E. 919; *Carroll* v. *Lufkins,* 29 Hun. (N. Y.) 17; *Burnham* v. *Goffstown,* 50 N. H. 560; 53 C. J., subject References, section 91.

48-2-24, classifies a divorce commissioner "as a commissioner in chancery." 57-4-1, provides: "In any pending case the deposition of a witness * * * may * * * be taken * * * by a commissioner in chancery." So, while the divorce commissioner was excluded from performing

the duties of a commissioner imposed by a reference under 48-2-26, he did have lawful authority under 57-4-1, as *a commissioner in chancery* to take the depositions herein. But in so doing, he was acting under the naked power of a commissioner in chancery, and not as a divorce commissioner. 57-4-1, directs that depositions taken in shorthand "shall be written out in full and transcribed into the English language by the stenographer taking the same and certified by the officer before whom the depositions are taken", etc. This is ordinarily requisite to adjudication by the circuit court as well as to review in this court. Consequently, the circuit court erred in not having the depositions transcribed before attempting to adjudicate the cause.

The decree is reversed and the cause remanded.

*Reversed; remanded.*