J. & G. Construction Company

*v.*

Freeport Coal Company

(No. 12185)

Submitted January 22, 1963.    Decided February 19, 1963.

Berry, President, dissenting.

*Baker & Armistead, Charles C. Baker, Charles S. Armistead,* for appellant.

*Hale J. Posten, Albert M. Morgan,* for appellee.

Haymond, Judge:

The decision of the controlling question presented by this appeal will determine the proper application of three payments by the defendant, Freeport Coal Company, a corporation, upon certain indebtedness of the defendant which re-

sulted from its sale, as a broker, during the month of December 1946, of a quantity of coal produced by the plaintiff, J. &. G. Construction Company, a corporation. After repeated unavailing requests of the plaintiff for payment by the defendant of the purchase price, less its commission, the plaintiff instituted an action of trespass on the case in assumpsit against the defendant in the Circuit Court of Monongalia County on June 1, 1956, to collect the amount of the unpaid indebtedness which, according to the bill of particulars and the affidavit filed with the declaration, was $29,281.52.

On October 16, 1956, the defendant by counter affidavit admitted that it owed the sum of $10,570.00 and judgment in that amount was rendered in favor of the plaintiff. The defendant by its counter affidavit denied that it was indebted in any amount other than that admitted and filed its plea of the general issue to the residue of the plaintiff's claim. The plaintiff was insistent that the case be tried as to the residue of its claim at the January 1957 term of court, but upon payment of $5,000.00 by the defendant on February 8, 1957 and its assurance of additional payments and a final payment of any balance of the indebtedness by September 15th of that year, the trial of the case was continued for that term of court to enable the defendant, whose records were in unsatisfactory condition, to ascertain from the records of the plaintiff the amount, if any, owed by the defendant in excess of the amount of the judgment. On each of the dates of July 20, 1957 and August 28, 1957, the defendant paid the plaintiff $2,500.00. The two $2,500.00 payments and the original $5,000.00 payment of February 8, 1957, were made by checks accompanied by vouchers which bore the notation "payment on account".

The defendant entertained the mistaken belief that the account between the parties was covered by a written contract; but when it discovered in October 1957 that the transaction was not based upon a written contract and that the account was barred, the defendant filed its plea of the statute of limitations on October 30, 1957.

Not having received any further payments the plaintiff, on September 6, 1960, caused an execution to be issued on the judgment. On September 16, 1960, by letter of that date,

the attorney for the defendant tendered to the plaintiff a draft of the defendant for $1,153.95 in full payment of the judgment, which the defendant contends should be credited with the three payments previously made by it. The tender of the amount of the draft was refused and the draft was returned by the attorney for the plaintiff by letter of September 20, 1960. On October 3, 1960, the defendant moved to quash the execution on the ground that the three payments, which should be applied and credited on the judgment, and the tendered but rejected payment in the sum of $1,153.95 together constituted full and complete payment of the judgment. The circuit court, after a hearing, without making any specific finding as to the effect of the notation on the vouchers in the proper application of the payments made by the defendant, sustained its motion and by judgment rendered October 16, 1961, quashed the execution. From that judgment this Court granted this appeal upon the application of the plaintiff.

The plaintiff contends that the notation "payment on account" on the voucher which accompanied each of the three checks issued and delivered by the defendant constituted a direction by the defendant, the debtor, that the plaintiff should apply each of the three payments to the portion of the account not covered by the judgment; that if such notation did not constitute such direction the defendant did not direct the plaintiff how to apply the payments made by the defendant and, in consequence, the account being free from dispute, the plaintiff had the right to apply the payments as it should choose to apply them; and that it chose to apply such payments, and did apply them, to the portion of the account which was not covered by the judgment.

On the contrary the defendant insists that the notation on the vouchers constituted a specific direction to the plaintiff to apply each payment as a credit on the judgment; that if such notation did not constitute an express direction, the plaintiff was required to apply the payments to the undisputed portion of the account represented by the judgment; and that the plaintiff was not entitled to apply the payments to the portion of the account not covered by the judgment

because that portion of the account constituted a disputed account between the parties.

A well settled and widely recognized rule is that the debtor, at the time he makes payments upon his indebtedness, has the absolute right to direct to which of his debts the payments shall be applied by the creditor and that, in general, if the debtor does not designate the manner in which the payments must be applied, the creditor to whom the payments are made may apply such payments as he may choose to apply them. *Preston County Coke Company* v. *Preston County Light and Power Company,* 146 W. Va. 231, 119 S. E. 2d 420; *The Tildesley Coal Company* v. *American Fuel Corporation,* 130 W. Va. 720, 45 S. E. 2d 750; *Wait* v. *Homestead Building Association,* 81 W. Va. 702, 95 S. E. 203, 21 A.L.R. 696, *Ryan* v. *Casto,* 76 W. Va. 314, 85 S. E. 553; 40 Am. Jur., Payment, Sections 110 and 117; 70 C.J.S., Payment, Sections 52 and 57. In *Ryan* v. *Casto,* 76 W. Va. 314, 85 S. E. 553, this Court held in point 1 of the syllabus that "A debtor, at the time of making payments, has the absolute right to direct to which of his debts payments shall be applied, but if he then omits to exercise the right, the creditor to whom the payments are made may thereafter make application thereof according to his pleasure."

Another well settled rule is that when no appropriation of payments has been made by the debtor or the creditor the court will apply them according to the principles of justice and equity in the particular case. *Ryan* v. *Casto,* 76 W. Va. 314, 85 S. E. 553; *Buster and Beard* v. *Holland,* 27 W. Va. 510; *Norris* v. *Beaty,* 6 W. Va. 477; *Smith* v. *Loyd,* 38 Va. (11 Leigh) 512, 37 Am. Dec. 621. This Court has held that if there has been no direction by the debtor and there has been no application of the payment by the creditor the court will apply the payment to that portion of the indebtedness which is least secured and, when the portions of the indebtedness are equally secured, to the oldest portion of the indebtedness. *The Tildesley Coal Company* v. *American Fuel Company,* 130 W. Va. 720, 45 S. E. 2d 750; *Poling* v. *Flanagan,* 41 W. Va. 191, 23 S. E. 685. In 70 C.J.S., Payment, Section 73, the text contains this language: "Where neither the debtor nor the creditor directs the application, the law will apply

a payment on the debt which is least secured or for which the security is most precarious." In the absence of any direction by the debtor or of any special application of the payment by the creditor, the law will apply the payment made by the debtor to the oldest portion of the account or to such portions of the account as would otherwise be barred by the statute of limitations. *Preston County Coke Company* v. *Preston County Light and Power Company,* 146 W. Va. 231, 119 S. E. 2d 420; *Peale* v. *Grossman,* 70 W. Va. 1, 73 S. E. 46, Ann. Cas. 1913C, 1373; *Ryan* v. *Casto,* 76 W. Va. 314, 85 S. E. 553; *Hanly* v. *Potts,* 52 W. Va. 263, 43 S. E. 218; *Genin* v. *Ingersoll,* 11 W. Va. 549. See also 40 Am. Jur., Payment, Section 125; 70 C.J.S., Payment, Section 72b. In *In Re American Paper Company,* 255 F. 121, the court said: "When the security is the same, the state and federal rule is to apply the payment first to the oldest obligation. When the security is not the same, the rule is to apply the payment first to the obligation least secured, or whose security is most precarious." There is also authority for the proposition that when the court is called upon to determine to which of several debts a general payment should be applied, the court should not apply it to an item or a debt which is in dispute between the parties, since to do so would be to aid one of the parties to the detriment of the other. *Standard Surety and Casualty Company of New York* v. *United States of America for the use and benefit of Vic Campbell,* C.C.A., 10th Cir., 154 F. 2d 335, 164 A.L.R. 935. See also Annotation III, 164 A.L.R. 941, 942.

The evidence indicates clearly that the three payments, accompanied by vouchers bearing the notation "payment on account", were intended by the parties to be applied to that portion of the account which was not embraced in the judgment. That they were so applied appears from the uncontradicted testimony of the president of the plaintiff who also stated that when they were made the judgment which had previously been rendered was not referred to or mentioned. The first payment of $5,000.00 was made by the president of the defendant to the president of the plaintiff at his home during the period in which the attorney for the plaintiff was insisting upon a trial of the case with respect to the portion

of the debt not covered by the judgment; and the payments were made in connection with a continuance of the trial of the case which was consented to by the plaintiff to enable the defendant to examine the records of the plaintiff in an effort to ascertain the amount of the residue of the account. The case was continued at the January 1957 term for that specific purpose. Though the judgment covered a part of the account, the portion embraced in the judgment assumed a different and separate status from the other portion of the account.

The portion of the account covered by the judgment became merged in the judgment and lost its identity as a portion of an open or unsecured account. *Fisher's Ex'rs* v. *Hartley*, 48 W. Va. 339, 37 S. E. 578, 54 L.R.A. 215, 86 Am. St. Rep. 39; *Beazley's Adm'r* v. *Sims, Adm'r*, 81 Va. 644; 12 Michie's Jurisprudence, Merger, Section 7; 30A Am. Jur., Judgments, Sections 313, 315, 317, 321. In the opinion in the *Fisher* case this Court said: "* * * when a personal judgment is rendered upon any cause of action, that cause cannot be again made the subject of a suit, and the judgment is thereafter the sole test of the rights of the parties, constitutes a new debt of the highest dignity, closing the statute of limitation on the original cause of action. Such is the general law. 15 Am. & Eng. Encyl. L. 336; Freeman on Judgments, ss. 215, 216, 217. By the judgment the debt is 'changed into a matter of record and merged in the judgment, and the plaintiff's remedy is upon the latter security while it remains in force.' 'The original claim, has, by being sued upon and merged in the judgment, lost its vitality and expended its force and effect.' Black on Judgments, s. 674."

No mention was made of the judgment either orally or by any written notation as to the application of the payments when any of them was made or until long after the statute of limitations was filed on October 30, 1957, which was more than two months after the last of the three payments occurred. Manifestly, the notation "payment on account" is not an express direction to apply any of the three payments on the judgment. The failure of the notation to mention or refer to the judgment indicates that if the defendant, by its notation on the vouchers, intended the payments to be ap-

plied on the judgment, it could and undoubtedly would have used the notation "payment on judgment", an unequivocal designation, instead of the equivocal notation "payment on account." If the notation "payment on account" should be regarded as sufficiently free from ambiguity to constitute a designation for the application of the payments, it must be considered as a direction to apply them to the portion of the account which was not embraced in the judgment, or, otherwise stated, as a direction to apply them to the account as distinguished from the judgment. If such notation is not so considered, it did not constitute an effective designation and, in that situation, the plaintiff, the creditor, was entitled to apply the payments, as it did, to the part of the indebtedness which was not included in the judgment. *Preston County Coke Company* v. *Preston County Light and Power Company*, 146 W. Va. 231, 119 S. E. 2d 420; *The Tildesley Coal Company* v. *American Fuel Corporation*, 130 W. Va. 720, 45 S. E. 2d 750; *The Koblegard Company* v. *Maxwell*, 127 W. Va. 630, 34 S. E. 2d 116; *New River Grocery Company* v. *Neely*, 106 W. Va. 96, 144 S. E. 874; *Farr* v. *Weaver*, 84 W. Va. 182, 99 S. E. 395; *Wait* v. *Homestead Building Association*, 81 W. Va. 702, 95 S. E. 203, 21 A.L.R. 696; *Hanly* v. *Potts*, 52 W. Va. 263, 43 S. E. 218; *Poling* v. *Flanagan*, 41 W. Va. 191, 23 S. E. 685; *Buster and Beard* v. *Holland*, 27 W. Va. 510; *Genin* v. *Ingersoll*, 11 W. Va. 549; *Chapman* v. *Commonwealth*, 66 Va. (25 Gratt.) 721; *Howard* v. *McCall*, 62 Va. (21 Gratt.) 205; 14 Michie's Jurisprudence, Payment, Section 25; 40 Am. Jur., Payment, Sections 110 and 117.

Though that portion of the account not embraced in the judgment was technically in dispute by reason of the counter affidavit that the defendant owed no part of the account, other than that covered by the judgment which, of course, was not disputed, and by reason of the plea of the general issue filed by the defendant, the evidence shows that in reality no part of the account was disputed as to the existence of the indebtedness, its nonpayment, except the three partial payments, or the total amount of the indebtedness. None of those factors was disputed. On the contrary, the total amount of the principal of the account, as determined by representatives of the plaintiff and the defendant in October

1957, after their examination of the books of the plaintiff but before the defendant filed its plea of the statute of limitations, was accepted as true and correct by the representative of the defendant, according to the undenied testimony of Willis O. Shay, the original attorney for the plaintiff, who after withdrawing as such testified in its behalf. Though the plea of the statute of limitations denied the right of the plaintiff to enforce its remedy of collecting the account in any legal proceeding, it did not deny or extinguish the indebtedness, its nonpayment, or its amount. In the light of the uncontroverted facts established by the evidence, the account, for all practicable purposes, may and should be regarded as an undisputed account between the parties. Under the evidence the plaintiff was justified in treating the account as such and in applying, as it did, the payments made by the defendant to the portion of the account which is not covered by or included in the judgment rendered October 16, 1956.

The defendant contends that in quashing the execution the circuit court necessarily found that the defendant designated that the payments which it made should be applied to the judgment and not to the other portion of the account and that such finding, being supported by evidence, should not be disturbed by this court. There is no merit in this contention of the defendant. In quashing the execution the circuit court made no specific finding of fact but merely stated in its order that "the court is of the opinion to and doth sustain the motion of the Defendant to quash the execution heretofore issued upon the judgment heretofore rendered in this action." If, however, the foregoing provision of the order may be regarded as a finding by the circuit court of such designation by the defendant, such finding is not supported by the evidence, is clearly wrong and should be set aside upon appeal. When the finding of a trial court in a case tried by it in lieu of a jury is against the preponderance of the evidence, is not supported by the evidence, or is clearly wrong, such finding will be reversed and set aside by this Court upon appellate review. *Huntington Development and Gas Company* v. *Topping,* 115 W. Va. 364, 176 S. E. 424; *McKown* v. *Citizens State Bank of Ripley,* 91 W. Va. 716, 114 S. E. 271. See also *Weaver* v. *Trembly,* 126 W. Va. 802, 30

S. E. 2d 242; *LaFollette* v. *Croft,* 122 W. Va. 727, 14 S. E. 2d 917; *Purcell* v. *Robertson,* 122 W. Va. 287, 8 S. E. 2d 881; *Buskirk* v. *Bankers Finance Corporation,* 121 W. Va. 361, 3 S. E. 2d 450; *Gall* v. *Cowell,* 118 W. Va. 263, 190 S. E. 130; *Harner* v. *Harner,* 115 W. Va. 457, 177 S. E. 286; *Blue* v. *Hazel-Atlas Glass Company,* 106 W. Va. 642, 147 S. E. 22.

The burden was upon the defendant to show that it directed the plaintiff to apply its payments to the judgment instead of to the other portion of the account to enable it to have such payments credited upon the judgment. *Preston County Coke Company* v. *Preston County Light and Power Company,* 146 W. Va. 231, 119 S. E. 2d 420; *Stone Company* v. *Rich,* 160 N. C. 161, 75 S. E. 1077; 40 Am. Jur., Payment, Section 281; 70 C.J.S., Payment, Section 97. In the *Preston County Coke Company* case this Court held in point 9 of the syllabus that the burden rests upon the debtor to prove that the debtor directed the creditor to apply payments to particular portions of an account between them and that the direction to do so was made known to the creditor. The evidence indicates clearly that the defendant did not sufficiently discharge this burden but that on the contrary the defendant made no specific designation that any of the payments should be applied to the judgment or any designation whatsoever, other than that such payments should be applied to the portion of the account which was not covered by the judgment.

As the record now indicates that the judgment rendered October 16, 1956, for $10,570.00, is wholly unpaid, due and owing by the defendant, the plaintiff has the right to enforce collection of the judgment, with interest and costs, by execution or other appropriate proceeding.

The judgment of the circuit court quashing the execution is reversed and set aside and this case is remanded to that court for such further proceedings as may be proper in conformity to the principles enunciated in this opinion.

*Reversed and remanded.*

BERRY, PRESIDENT, dissenting:

I respectfully dissent from the majority opinion in this case.

The law applicable to such cases is quite clear and there is no controversy relative thereto. It is merely the application of the law as it is applied to the case at bar upon which this dissent is based. The appellant, J. & G. Construction Company, plaintiff below, contends that there was no controversy or dispute with regard to the amount owed in this case, and that the three checks in the amount of $10,000.00, which contained a notation "payment on account", clearly indicated that the payments should be applied to any balance due and owing other than on the judgment which was confessed and a part of the amount claimed was due and owing.

The appellant, or plaintiff below, rests its entire case on these propositions, and this Court, through the majority opinion, found that the contentions of the appellant were correct in connection thereto, that is, that there was no controversy or dispute with regard to the amount owed, and that the appellee, or defendant below, by the notation "payment on account" designated that the payments were made on the balance due.

The word "account" is an indefinite word and has more than one meaning. *John Diebold & Sons Stone Co.* v. *Tatterson*, 115 Va. 66, 80 S. E. 585. It is a generic term which is difficult to define, having various meanings which depend upon the circumstances in which it is used. *Walcott & Lincoln* v. *Butler*, 155 Kan. 105, 122 P. 2d 720. In the instant case the defendant came into court, filed its plea of the general issue denying the plaintiff's claim, and in addition thereto, filed a counter affidavit in which it confessed owing to the plaintiff $10,570.00, and upon oath, stated that it believed that was all that was due from the defendant to the plaintiff upon the demands stated in the plaintiff's declaration. Upon the filing of this counter affidavit by the defendant, a judgment in the amount of $10,570.00 was obtained against it. In my opinion, the language contained in the sworn affidavit clearly constitutes a controversy with regard to the balance of the claim of the plaintiff.

The judgment in the amount of $10,570.00 was entered by the trial court on October 16, 1956, at which time the de-

fendant was granted leave to file additional pleas. The three payments mere made during the months of February, July and August, 1957. At that time the only definite amount of money due and owing by the defendant to the plaintiff was the judgment, and the notation "on account" could be as readily interpreted as payment on account of the judgment, as well as payment on account of the balance claimed by the plaintiff to be due.

In October, 1957, a plea of the Statute of Limitations was filed with regard to the balance claimed by the plaintiff below in this action, because the entire claim was about ten years old and not based on a written contract. The plaintiff below filed a replication to the plea of the Statute of Limitations in January, 1958. In July, 1959, the trial court sustained the defendant's plea of the Statute of Limitations and this Court refused to grant a writ of error to that judgment. An execution was issued on the judgment some time in 1960, and in October, 1960, the defendant moved to quash the execution, and said motion was sustained by the Circuit Court of Monongalia County, but said Trial Court did not write an opinion or give any reasons for its finding of fact and conclusion of law relative to sustaining the motion to quash the execution. However, the trial court either had to find that the payments were made on the judgment by the defendant or the court itself applied them on the judgment. If the trial court found that the defendant intended to make the payments on the judgment he would then have had to base his finding on the testimony of the original attorney for the defendant, because this attorney withdrew from the case and testified at the hearing on the motion to quash the execution to the effect that it was the understanding that the payments were to be applied on the judgment. The original attorney for the plaintiff testified just the opposite, and this Court, in reversing the trial court's decision, by necessity, based its decision, reversing the judgment of the trial court, on the testimony of the original attorney for the plaintiff who withdrew from the case and testified for the plaintiff below. Therefore, the majority of this court, in my opinion, has in effect reversed the lower court's finding of fact which was supported by substantial evidence.

If there was a controversy with regard to the balance due in this case, then the creditor or the plaintiff below had no right under the law to apply such payments to any balance that may be due. 70 C.J.S., Payments, §60; *The United States* v. *Kirkpatrick and others*, 9 Wheaton's Reports, 720, 737; *Norris* v. *Beaty, et al.*, 6 W. Va. 477; *Page* v. *Wilson*, 28 A. 2d 706; *Standard Surety Etc. Company* v. *United States of America*, 154 F. 2d 335.

Although the president of the plaintiff corporation testified that the amount of the payments was applied to the balance due, the record in this case does not show that there was any actual application of such payments on the amount claimed to be due by the plaintiff in addition to the amount of the judgment. If neither the debtor nor the creditor designated where these payments were to be applied, then the court should apply the payments. 40 Am. Jur., Payments, §129; *Standard Surety Etc. Company* v. *United States of America, supra.*

It will be noted that the payments were made in the case at bar after the action was instituted in the Circuit Court of Monongalia County. It has been held that it is too late for a creditor to claim a right to credit a payment to any particular debt at the time of the trial. *The United States* v. *Kirkpatrick and others*, 9 Wheaton's Report, 720, 737; *Norris* v. *Beaty, supra.*

The trial court made a finding of fact in this case, upon which there is evidence in the record to sustain such finding, and I am unable to say that the trial court was clearly wrong. Therefore, I am of the opinion that the judgment of the trial court should not be reversed. *Moore* v. *Strickling*, 46 W. Va. 515, 33 S. E. 274, 50 L.R.A. 279; *Daugherty* v. *Ellis*, 142 W. Va. 340, 97 S. E. 2d 33.