## CIRCUIT COURT OF FAIRFAX COUNTY

Joanne Krol

   v.

Phillip Lee Isenberg

### January 30, 1992

### Case No. (Chancery) 103960

BY JUDGE THOMAS J. MIDDLETON

This case arises out of a 1972 divorce action between the parties and came to be heard on Defendant/Husband's Motion to Determine Liability. The first issue before the court is whether, when a court orders the husband to pay a support arrearage in fixed monthly installments without mentioning interest or date of final payment, the wife is entitled to interest from the date of the order. Secondly, if the wife is entitled to interest, how is each payment to be applied with regard to principal and interest?

For reasons set forth below, the court finds that the wife is entitled to interest from the date of the order at the judgment rate of interest, and that, under the facts of this case, each payment is to be applied first to interest, with the balance used to reduce the principal.

### *Facts*

The parties to this action were divorced April 17, 1972, by decree of the Chesterfield County Circuit Court. On August 15, 1973, that court ordered the husband to pay $151.60 per month to the wife as child support. The husband failed to comply with the order, paying no child support until November 20, 1980, when the Chesterfield County Circuit Court found him to be $11,526.16 in arrears and in contempt of court. To allow the husband to purge himself of the

contempt, the court provided that he could pay off the arrearages in future monthly installments. The Order mentions neither interest nor date of final payment.

*Discussion*

Defendant concedes that even though the 1980 Order is silent on interest, the judgment bears interest pursuant to Va. Code § 8.01–382 from the date of its entry. *See* Defendant's Memorandum at 6. Despite this concession, he argues that all payments are to be applied to reduce the principal, with no interest accruing unless and until an installment is due and unpaid. Defendant further contends that, in the event the court finds that interest accrues from the date of judgment regardless of the timeliness of payments, each payment should be applied first to principal, with any remainder to be applied towards reducing the interest. Plaintiff, on the other hand, contends that interest was due from the date of the 1980 Order, and that each installment was to be applied first to interest, with the balance used to reduce the principal.

I. *The wife has a statutory right to interest from the date of the Order.*

In 1977, the Code of Virginia was amended to provide in pertinent part:

> If a judgment or decree be rendered which does not provide
> for interest, the judgment or decree awarded shall bear inter-
> est from its date of entry at the [judgment rate of interest].

Va. Code § 8.01–382 (1977). Other than a 1979 amendment not relevant here, the statute has remained unchanged since 1977. Although Va. Code § 20–78.2 allows prejudgment interest only where a payee/spouse requests it at the hearing, Va. Code § 8.01–382 mandates postjudgment interest even where not provided in the decree.

In 1980, three years after the enactment of Va. Code § 8.01–382, the Chesterfield County Circuit Court entered its Order. At the time of the Order, the judgment rate of interest was eight percent. Va. Code § 6.1–330.10 (1980 Supp.).

Defendant's argument that no interest would accrue until installments were due and unpaid overlooks the fact that an arrearage is, by definition, *overdue.*

It is unlikely that the Chesterfield County Court intended to deprive the wife of much of the very amount it had just awarded her,

yet this would be the result under defendant's interpretation of the law. If no interest accrued on the judgment until an installment were overdue, the wife would be forced to accept not $11,526.16, but much less.

To illustrate, using round numbers, assume that the wife had been awarded a $10,000 lump sum in November, 1980. If she had invested that amount at 8%, she would have had, at the end of ten years, not $10,000, but $21,160.00. Alternatively, if receipt of that $10,000 had been deferred for ten years without interest, she would have received only $10,000 in 1990. Put another way, the present value of $10,000 ten years from now, discounted at 8%, is only $4630.00. These calculations can also be done using annuity tables where, as in the case at bar, the award is to be paid out in installments. To deny interest from the date of judgment would result in a gross injustice to the wife and a windfall to the husband.

For all the foregoing reasons, the court finds that, regardless of whether installments were timely paid, the 1980 Order bears interest from the date of judgment at the 1980 judgment rate of eight percent.

II. *Each installment is to be applied first to interest, then to principal. In no event, however, is plaintiff entitled to receive interest on interest.*

The husband contends that even if the wife is entitled to interest from the date of the decree, he had a right to direct, and did so direct, that each payment be applied first to principal. The wife contends, on the other hand, that each payment was to be applied first to interest, with any remainder to reduce the principal.

The well-settled rule on application of payments was stated in *Howard v. McCall*, 62 Va. (21 Gratt.) 205, 209 (1871), as follows:

> The debtor, when he makes a payment which does not discharge the whole debt, has a right to say whether it shall be applied to the principal or the interest of the debt due . . . . When the debtor fails to exercise this right, then the creditor may make the application of the payment as to him may seem best. And when neither party has exercised the right, the law, or, in other words, the court, will make the application according to the justice of the case in view of all the circumstances attending it . . . . And where there is no direction by the debtor, and the right of application is not exer-

cised by the creditor, the court will always apply the payment first to the application of the interest, in preference to the principal.

The husband, therefore, had a right to direct the payments. To be valid, he must have done so at the time of payment or before. *Chapman v. Commonwealth*, 66 Va. (25 Gratt.) 721, 750 (1871). The burden is on him to prove that he directed the payments and that the direction was made known to his wife. *J & G Constr. Co. v. Freeport Coal Co.*, 147 W. Va. 563, 129 S.E.2d 834 (1963).

Mr. Isenberg has failed to meet this burden. Although several payment checks contain the word "arrearage," none contains the word "principal." In addition, certain checks have no annotation at all. Nor is there evidence before the court of any other records kept by defendant that would indicate a direction of the application of payments made at or before payment.

Since the husband failed to direct the payments, the wife had a right to exercise her right to do so. A creditor may make application either at the time of payment or afterwards, but must do so before the commencement of any controversy on the subject. *Chapman v. Commonwealth, supra.* It is incumbent on the creditor, if such a right is exercised, to keep records and to notify the debtor how payments have been applied. *Hill & Braxton v. Southerland's Ex'r*, 1 Va. (1 Wash.) 128, 133 (1792). Although certain records are in evidence indicating an election of interest first, it is not apparent that the wife made or kept such records before a controversy arose on the subject, or that she ever informed the husband of an election.

Because neither debtor nor creditor properly exercised his or her right to direct the payments, the court follows the rule of *Howard v. McCall*, and holds, according to the justice of the case and in view of all the circumstances attending it, that the payments are to be applied first to interest in preference to the principal.

In no event, however, is the wife entitled to capitalize the interest. If any payment was for less than the interest due on the date of payment, she is not entitled to any interest on the unpaid interest. The proper method of application is as follows:

[S]o much of any payment as is equal to, or exceeds the interest, is to be applied to the discharge thereof, and the residue towards discharging the principal . . . that is to say, from the sum of principal and interest, computing the latter

to the time of payment, the payment is to be deducted, and the balance forms a new capital; on that, interest is to be computed from that time, but with this caution, that the new capital be not more than the former, so that if the payment be less than the interest due at the time, the surplus of interest must not augment the remaining capital; because that would give interest upon interest, which would be unlawful.

*Lightfoot v. Price*, 14 Va. (4 Hen. & M.) 431, 432 (1809).

So long as payments were made substantially on time, the problem of interest on interest would not arise, because even the $100 monthly installments would more than cover the amount of interest accrued in one month on $11,526.16 at an annual rate of 8%.

For all the foregoing reasons, the court directs that each payment be applied first to interest, then to principal. In no event, however, is the wife entitled to interest on interest.