# CIRCUIT COURT OF FAIRFAX COUNTY

Blake Construction Co., Inc./
Poole & Kent Corp.,
a joint venture, et al.

v.

Upper Occoquan
Sewage Authority

June 30, 2006

Case No. (Law) 2002-206595

By Judge Randy I. Bellows

This matter comes before the Court for resolution of the following three issues: first, whether interest continued to run after November 6, 2003; second, whether the Joint Venture is entitled to interest on the prejudgment interest award; third, whether UOSA effectively allocated its payments.

*I. Whether Interest Continued To Run after November 6, 2003*

Whether interest continued to run after November 6, 2003, is dependent on whether the January 15, 2004, Order provides interest "until paid" as contemplated and required by Virginia Code § 8.01-382.
Section 8.01-382 provides:

In any action at law or suit in equity, the verdict of the jury, or if no jury the judgment or decree of the court, may provide for interest on any principal sum awarded, or any part thereof, and fix

the period at which the interest shall commence. *The judgment or decree entered shall provide for such interest until such principal sum be paid. If a judgment or decree be rendered which does not provide for interest, the judgment or decree awarded or jury verdict shall bear interest at the judgment rate of interest as provided for in § 6.1-330.54 from its date of entry or from the date that the jury verdict was rendered.* Notwithstanding the provisions of this section, any judgment entered for a sum due under a negotiable instrument, as defined by § 8.3A-104, shall provide for interest on the principal sum in accordance with § 8.3A-112 at the rate specified in the instrument. If no such rate is specified, interest on the principal sum shall be at the judgment rate provided in § 6.1-330.54.

Va. Code Ann. § 8.01-382 (emphasis added).

The judgment rate, provided in § 6.1-330.54, is as follows:

The judgment rate of interest shall be an annual rate of six percent, except that a money judgment entered in an action arising from a contract shall carry interest at the rate lawfully charged on such contract, or at six percent annually, whichever is higher. If the contract or other instrument does not fix an interest rate, the court shall apply the judgment rate of six percent to calculate prejudgment interest pursuant to § 8.01-382 and to calculate post-judgment interest. The rate of interest for a judgment shall be the judgment rate of interest in effect at the time of entry of the judgment and shall not be affected by any subsequent changes to the rate of interest stated in this section.

Va. Code Ann. § 6.1-330.54.

On June 17, 2005, the Court entered an Order that incorporated a previous Order entered by the Court on January 15, 2004. The January 15, 2004, Order provides that "judgment is entered in favor of the Plaintiff Joint Venture and against the Defendant UOSA in the amount of $1,832,652.00." What follows is a chart containing a detailed explanation of the "[t]otal interest due under the Prompt Payment Act through November 6, 2003 . . . $1,832,652."

While the parties agree that interest is awarded through November 6, 2003, the parties disagree as to whether interest continues to run beyond November 6, 2003, until paid, and if so, at what interest rate.

The Court finds that while the January 15, 2004, Order is an Order that provides interest due under the Prompt Payment Act through November 6, 2003, the January 15, 2004, Order does not award interest in the sense contemplated and required by the second sentence of Virginia Code § 8.01-382 ("The judgment or decree entered shall provide for such interest until such principal sum be paid."). Rather, the January 15, 2004, Order is squarely on point with the third sentence of Virginia Code § 8.01-382. The third sentence provides that, "[i]f a judgment or decree be rendered which does not provide for interest, the judgment or decree awarded or jury verdict shall bear interest at the judgment rate of interest as provided for in § 6.1-330.54 from its date of entry or from the date that the jury verdict was rendered." Va. Code Ann. § 8.01-382.

To put it differently, the January 15, 2004, Order provides for interest pursuant to the Prompt Payment Act but does not provide that the interest shall run "until such principal sum be paid." As such, the third sentence of Virginia Code § 8.01-382 requires that the judgment "shall bear interest at the judgment rate of interest as provided for in § 6.1-330.54 from its date of entry or from the date that the jury verdict was rendered." Va. Code Ann. 8.01-382.

Accordingly, interest shall be calculated beyond November 6, 2003, at the annual judgment rate of interest of six percent until paid.

## II. *Whether the Joint Venture is Entitled to Interest on the Prejudgment Interest Award*

UOSA argues that any award of prejudgment interest should not be included in the calculation of post-judgment interest. The Joint Venture argues the opposite.

Virginia Code § 8.01-382 does not specify whether prejudgment interest should be included in the calculation of post-judgment interest. This Court has been unable to find a single Virginia case analyzing Va. Code Ann. § 8.01-382 on this issue. However, the Court finds the federal courts' treatment of the federal interest statute, 28 U.S.C. § 1961, to be particularly instructive. *See Brinn v. Tidewater Transp. Dist. Comm'n*, 113 F. Supp. 2d 935, 939 (E.D. Va. 2000) (J. Smith).

28 U.S.C. § 1961(a) provides that "[i]nterest shall be allowed on any money judgment in a civil case recovered in a district court." In *Brinn v. Tidewater Transp. Dist. Comm'n*, the District Court concluded that "post-

judgment interest may also be awarded on the entire amount of a civil judgment." The court relied in part on the rationale of *Bailey v. Chattem, Inc.*, where the Sixth Circuit explained:

> Although the primary purpose of post-judgment interest is to compensate a successful plaintiff for the time between his entitlement to damages and the actual payment of those damages by the defendant, post-judgment interest also serves a salutary housekeeping purpose. . . .

*Bailey v. Chattem, Inc.*, 838 F.2d 149, 152 (6th Cir. 1988), *cert. denied*, 486 U.S. 1059, 100 L. Ed. 2d 931, 108 S. Ct. 2831 (1988). *Id.* ("*Accord Quesinberry v. Life Ins. Co. of North Am.*, 987 F.2d 1017, 1031 (4th Cir. 1993) (stating that "post-judgment interest on the entire amount the court awarded . . . most closely comports with the purpose of post-judgment interest articulated by the Supreme Court" in *Kaiser Aluminum & Chemical Corp. v. Bonjorno*, 494 U.S. 827, 835, 108 L. Ed. 2d 842, 110 S. Ct. 1570 (1990)); *United States v. Hannon*, 728 F.2d 142, 145 (2d Cir. 1984) (holding that a court may award interest on the entire amount due "when a prior judgment consisting of both principal and accumulated interest is not paid"); *Hellenic Lines, Ltd. v. Gulf Oil Corp.*, 359 F.2d 403, 404 (2d Cir. 1966) (awarding of interest on judgment amount plus interest accrued prior to judgment date was appropriate)."). In addition to this persuasive authority, Virginia courts have also explained the purposes of prejudgment and post-judgment interest.

As to prejudgment interest, "[t]he award of prejudgment interest is to compensate a plaintiff for the loss sustained by not receiving the amount to which he was entitled at the time he was entitled to receive it, and such award is considered necessary to place the plaintiff in the position he would have occupied if the party in default had fulfilled his obligated duty." *Walker v. Pfeiffer*, 2000 Va. App. LEXIS 506 (2000); *Marks v. Sanzo*, 231 Va. 350, 356, 345 S.E.2d 263 (1986). As to post-judgment interest, "[p]ost-judgment interest is not an element of damages, but is a statutory award for the delay in the payment of money actually due." *Ragsdale v. Ragsdale*, 30 Va. App. 283, 293, 516 S.E.2d 698 (1999).

As applied here, it is necessary to apply post-judgment interest to the entire award to include the award of prejudgment interest to make Plaintiff whole.

### III. *Whether UOSA Effectively Allocated its Payments*

UOSA wired $16,613,386.17 to the Joint Venture via a Reed Smith trust account on May 8, 2006. On May 10, 2006, UOSA directed how that payment was to be allocated.

UOSA argues that it is entitled to have the monies paid allocated as it directed on May 10, 2006. The Joint Venture argues that UOSA was required to specify how the monies were to be allocated at or before the time of payment.

The applicable controlling law on the proper allocation of payments was summarized in *Krol v. Isenberg*, as follows:

> The debtor, when he makes a payment which does not discharge the whole debt, has a right to say whether it shall be applied to the principal or the interest of the debt due. . . . When the debtor fails to exercise this right, then the creditor may make the application of the payment as to him may seem best. And when neither party has exercised the right, the law, or, in other words, the court, will make the application according to the justice of the case in view of all the circumstances attending it. . . . And where there is no direction by the debtor and the right of application is not exercised by the creditor, the court will always apply the payment first to the application of the interest, in preference to the principal.
>
> The husband, therefore, had a right to direct the payments. To be valid, he must have done so at the time of payment or before. The burden is on him to prove that he directed the payments and that the direction was made known to his wife.

*Krol v. Isenberg*, 27 Va. Cir. 103, 106 (1992) (internal citations and quotations omitted).

As applied here, UOSA had a right to timely allocate how its payment should be applied prior to or concurrent with the making of that payment. This Court finds that UOSA indicated how its payments were to be allocated essentially contemporaneous with its May 8, 2006, payment and that this allocation was timely and effective.

## IV. *Conclusion*

For the reasons stated above, interest shall be calculated beyond November 6, 2003, at the annual judgment rate of interest of six percent until paid; said interest shall also be applied to the prejudgment interest award; and UOSA's allocation of how its May 8, 2006, payment should be applied shall be given effect.